1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEION B. GRIFFIN,

11             Petitioner,              No. 2:11-cv-2143 KJM DAD P

12        vs.

13   STATE OF CALIFORNIA,

14             Respondent.          FINDINGS AND RECOMMENDATIONS

15   _____/

16             Petitioner is a state prisoner proceeding pro se.  In accordance with the court's

17   March 8, 2012 order, petitioner has filed an amended petition for a writ of habeas corpus.

18                          **PRELIMINARY SCREENING**

19             Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

20   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

21   it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing

22   Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may

23   dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

24   dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

25   answer and petition are considered; or a dismissal after consideration of the pleadings and an

26   expanded record."

**BACKGROUND**

In his amended petition, petitioner challenges his April 11, 2012, parole revocation. According to the petition, petitioner violated a no contact order, which was a special condition of his parole. Petitioner claims that he received ineffective assistance of counsel in connection with the revocation proceedings and that his parole officer committed perjury at his parole revocation hearing. Petitioner notes that he has an inmate appeal pending concerning these constitutional violations, but he has not sought review in any state court. (Pet. at 2-5.)

**DISCUSSION**

Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion may only be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. Thus, state courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).

Here, petitioner acknowledges on his form habeas petition filed in this court that he has not previously presented the claims in his petition to any state court. (Pet. at 5.) Further, /////

1  there is no allegation that state court remedies are no longer available to him.  Accordingly,

2  petitioner's claims are unexhausted and must be dismissed without prejudice.

**CONCLUSION**

4  Accordingly, IT IS HEREBY RECOMMENDED that:

5  1.  Petitioner's amended petition for writ of habeas corpus (Doc. No. 12) be

6  dismissed without prejudice for failure to exhaust state court remedies; and

7  2.  This action be closed.

8  These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

10  after being served with these findings and recommendations, petitioner may file written

11  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

12  Findings and Recommendations."  Petitioner is advised that failure to file objections within the

13  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

14  F.2d 1153 (9th Cir. 1991).

15  In any objections he elects to file, petitioner may address whether a certificate of

16  appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

17  11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

18  certificate of appealability when it enters a final order adverse to the applicant).

19  DATED: June 12, 2012.

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

23  DAD:9
grif2143.156

3